Good morning. Assistant State's Attorney Mary Boland on behalf of the people. Counsel, would you like to enlighten us and introduce yourself to the court, please? James Van Zandt with Blaine & Van Zandt. I'm here with my colleague, Dean Sturba, of the Washington District Court of Defendant. Okay. All right. Do you want to reserve some time for rebuttal? I would. Thank you, Your Honor. Okay. How much time do you want? I would think just a few moments. Five minutes. Okay. Thank you. Let's proceed. This is a fairly simple case, Your Honor. Can I just ask you a question? Sure. Is whether a photograph is lewd something that can be considered by a trial court under motion to dismiss? The statutory construction of what is a lewd exhibition is not reflected in the statute. There's no definition in the statute. So courts have defined it. Lamborn, Spen, some of the other courts that have looked at this. So that a court can find that it meets the definition of what is a lewd exhibition is certainly one of the elements. If you look at Rogers, the – No. The question – I mean, the answer to my question is yes or no. The answer to the question is whether it qualifies, yes. Whether it's sufficient to prove beyond a reasonable doubt, no. And the reason for that is if you look at Rogers in the Supreme Court case, Rogers had to do with whether there was any evidence that supported the language of the indictment. So to that extent, the court is entitled to look at the exhibit and say, is there any evidence here? Are you just saying that there is child pornography? Do you have anything to back it up? And Rogers said that a trial court could look at a grand jury transcript to determine whether there was any evidence. Here we provided the exhibit to show that there was evidence that this was a real child, this was a child under a certain age, and this met the definition of lewd exhibition. So the court simply found in its own personal decision, I don't think it meets the case law standards. But the case law standards in Spen certainly clarify that if you apply those factors initially identified in Lamborn, those six DOST factors that came from the federal court, you only need one of those factors. And one of those factors is whether an objective viewer, someone in the nature of a voyeur, would be sexually excited by kind of the sexual exploitation of a teenager undressing in a locker room. And there are other cases where there are hidden videos and things, and courts have found that to meet the definition of lewd exhibition. So did it qualify as any evidence that supported the indictment? The answer is yes. So did the court have the right to look at that exhibit and determine whether, you know, it was a blow-up doll or a box or a live teen victim? And the court certainly had the power to do that. We've never objected to producing the exhibit and to showing it to the court. But what the court did was apparently just, I don't know, look at the case law, whatever case law that was, because there was a lot of case law being offered, case law that suggested buttocks don't qualify under the statute. Well, that was wrong because the statute was changed. Case law that suggested partial nudity isn't sufficient. Well, that was wrong because Lamborn found topless kids, topless teens to be sufficient. So again, while the phrase is not defined in the statute, the phrase simply has to include some sort of sexual connotation. It can't just be a parent taking pictures of the kids in the bathtub. It can't be something that would be sold at Walmart or a Kmart as some sort of artistic thing that you would put up on the wall. It's got to, to be constitutional, have some sort of sexual connotation. But Sven has already found here in Illinois and other courts, and we've cited to a number of those, that when you surreptitiously video someone, it's an actual form of paraphilia. Voyeurism is a well-known part of the child pornography world. Well, what case holds that? I cited to you the Petoskey case. If you look at that case, Petoskey was a case, 218 U.S. District, Lexus 1779-6, and it was decided February 2, 2018. And in that case, the Petoskey case said voyeurism is a widely recognized type of sexual fetish or paraphilia. And voyeur videos are a well-known category of pornography. When a voyeur sets out with his camera to pee through windows, he's setting out on a hunt, not a hunt to physically harm his intended victims, but a hunt to sexually exploit them by capturing nude images of them without their knowledge. These videos are trophies, and each win or score gives him and voyeurs like him sexual gratification. After all, any voyeur could find countless images of naked adults and minors on the Internet, but pictures of people who consent to be photographed nude do not excite a voyeur. And the 2nd District in Spen also recognized that placing the viewer in the role of a voyeur, images become sexualized in a way that's consistent with deviant behavior. So it is true that Spen involved a video. Here the defendant's video was deleted, but before he deleted it, it was able to be sent through the Internet to the cloud where these thumbnail images still existed, which means that he could download those images at any time or anyone could download those images. So the point is that information went to the weight of the evidence available, how much of the video, you know, how long it played or whatever. And if you look at Lamborn and Spen, both of them are making determinations after the trial is over. They're not simply apparently awarding summary judgment to a defendant based on the charge itself. So the charge itself must be supported by evidence. Defendant has a right to know that there's real evidence behind the words. All right, so would you like us to write that, you know, the taking of a video or a picture, that's lewd? You know what I'd like this court to write is send it back to a trial court to allow the case to be proved or not to be proved on the evidence, not to essentially look at a picture and say, my personal values mean it's not lewd or my cultural values mean it's not lewd. Lamborn set out several factors. I'd also point out to this court that Lamborn didn't have most of the factors that set out that are important or relevant, the six DOS factors. If you look at the Lamborn photos, there were five of them. It was a Polaroid in that case. So Lamborn found that three of them were spontaneous adolescent nudity. These girls were swimming. They pulled off their tops. They were jumping around in the water. Pictures were taken. The court wouldn't find that to meet the definition. But the other two pictures where the court found they were lewd were standing in front of the camera, taking a picture. The defendant was there with them. He was in that picture. Here the defendant is choosing to stay behind the camera, if you will. There the defendant was in the camera. But if you look at the six factors, only one of them really applied, and the question was whether the photo was intended or designed or framed to appeal to a voyeur, essentially, a peeping Tom, or in this case a peeping Tom, in that case just sexually explicit. So are you telling us that we have to look into the subjective manifestation of thought process of the person taking the picture? See, that's the point, is we don't have to look at that. But the Lamborn court and the Sven court, too, also looked at the surrounding factors when they were looking at the various elements of the case and singled out the DAS factors, or at least Lamborn did, as being perhaps relevant. Other courts have said one factor is sufficient, and Lamborn actually only found the one factor. Lamborn doesn't make an explicit finding, but if you go through those six factors, you go through whether the focal point is on the child's genitals or something, that's not the case in Lamborn. If you go through a sexually suggestive setting, like a bedroom or something, that's not in Lamborn. They were standing on a beach. If you go through whether children were in an unnatural pose, that's not the case in Lamborn. They were just standing there. If you look at the attire of the victim, while they were in bathing suits on a beach, there's nothing inappropriate there. Whether the child is fully clothed or partially clothed, I suppose there would be a factor in favor of lewdness because the child's clothes are half off. Here the child's clothes are half off as well. And whether the depiction suggests a sexual coyness or willingness to engage in sexual activity, that certainly wasn't present in Lamborn, and of course it can't be present in a case like this where the child doesn't even know or appears to be unaware that she's being surveilled in the faculty lounge. And then if you look at that factor, too, when you have very young children, they wouldn't have a clue of what sexual activity is. So that factor can't apply in those types of cases. So our review here, would you agree with the defendant that our review here is de novo? Your review here is de novo. That is correct. It is whether the state provided any evidence under Rogers that would support the allegation that the defendant committed one of the theories of child pornography in the four counts. There were one image based on four different theories of two creation, two possession. So the only question here is the legal question. Did the state meet its burden of some evidence? And if the state does, then it goes back. And so the question is some evidence. What does that require? The elements require a victim under the age of 18. The elements require that the clothing, that it be either a clear or transparent clothing or naked of certain body parts. We have that here. We have the naked body parts. And then the question is whether the depiction is intended or could excite someone like a peeping Tom. And I think we have that here just like we have that in Sven. I point out, too, in Sven, the young teen there was a babysitter to a child, an infant. And basically what the defendant did was put the hidden camera in the bathroom in the bedroom. So he caught the teenager using the bathroom, taking a bath with the baby. There was nothing that the teenager was doing that was inappropriate or sexual in nature. But that's not what excites a voyeur. A voyeur is excited because they're essentially exploiting the privacy of that young victim by, you know, taking the pictures when they don't know about it, when the victim doesn't know about it. So Sven found three factors to be present. And I would argue that there are three factors present here as well. The victim is partially naked. The victim is, if you look at the picture itself, and I know it's a small thumbnail, but in today's technology that means nothing. That doesn't mean that you download it to your cell phone, you make whatever enlargements you wish, you could project it on a wall, you could pass it off to your friends. So the fact that the size of it has never been relevant for purposes of the analysis, it is the capturing of the image and exploiting that kid in the process. And so we certainly have that here. I would argue we have the focal point because if you look at the picture, in the background is the locker room, right in the front is where she's bending over taking her clothes off. So he made sure it's not relevant for your purposes of analysis, but as contextual background, he made sure she was in that area by telling her roots. So you're saying that the fact that the depiction in the thumbnail is somewhat difficult to view, we don't have to take that into consideration? You don't have to take that into consideration because the defendant is the one who deleted it off his phone and it went up into the Internet and became online. And anybody who has a smart phone knows that you can take and make lots of modifications to that photo. So that photo is sitting there in storage. The defendant has taken it for his own trophy, has taken it for his own enjoyment. He can download it at any time. Any hacker can get it. Anybody who's a service provider to that account can get it. So if he took his phone in to get service, you know, somebody doing service could access whatever he put on the phone and whatever storage it is and could manipulate that photo. So it's not the size of the photo, just like it's not the length of the video. In fact, in Sven, there were several videos, but Sven said we can actually consider each image. We don't have to consider the entirety of the video because there's a lot of stuff in those videos where you couldn't see anything or the kid was fully dressed. And so a defendant was arguing there, hey, there's not enough because there's a lot on this video, so therefore it's not really the focal point. And the court said, no, you can take these images and look at these images individually. And that's the point. So I am not concerned about whether it meets the definition of any evidence. She is under the age. She is half naked standing in front of the camera, apparently unaware that this person is surveilling her. And it clearly is, it can be inferred by a reasonable trier of fact that this was for his sexual arousal or excitement. So it meets three of the factors. Lamborn may have only had one or two of the factors present. And Sven also found three of the factors present. So the point is, did the people provide some evidence that met the definition of what is a lewd exhibition so that it would be sufficient for purposes of getting beyond the motion to dismiss? And the answer is clearly here, yes. Sven exists. Sven applied. The DOS factors identified in Lamborn. Sven found that was sufficient for a lewd exhibition. And the trial court here should have been bound by the second district appellate court ruling in Sven. And there were other federal cases as well that look at this. But their language of their statutes is slightly different. They use the word lascivious. We use the word lewd. Although they've been in black dictionary, they say they're kind of equivalent. They use lewd and lascivious interchangeably. So did we meet enough at this point to move it beyond a motion to dismiss? The answer is yes. It's not asking this court to review the picture itself or think, well, would I find it to be personally lewd? Or would the individual photographer find it to be personally lewd? The question is whether it's set up from that framework or that viewpoint. And the answer here is yes. So do we need to determine whether the trial court can consider lewdness at a motion to dismiss and reverse it for there to be a lewdness determination? I think that the court can consider whether there's any evidence, any. Not whether it's sufficient under the statute to meet proof beyond a reasonable doubt, which is what defendant's argument is, his last argument here is actually the argument that I've been making, which is that we do not have to have proof beyond a reasonable doubt. We just have to have something more than an empty box, an empty, you know, photography can, a blow-up doll, you know, whatever. It has to meet the definition of these three things, which is a victim under the age and that there be some sense of it being a lewd exhibition. And a lewd exhibition is really defined by these various factors that Lamborn applied. And I submit to the court that we had three of the six factors, which was sufficient in Sven and is more than Lamborn. So the court doesn't make a finding as to whether that meets the standard beyond a reasonable doubt. The court has a right, the trial court, to find that there was any evidence or some courts say some evidence. Or Roger says where there was no evidence, dismissal was proper. So it's a very low standard at this early pleading stage. And the state submits that we had sufficient evidence to meet that pleading stage standard. I have a question regarding the record. Where in the record does the trial court find that the indictment failed to state an offense pursuant to Section 111-3? Yeah, the court doesn't make that finding. The court simply says I don't find the photographs, the court says plural, to be lewd. I don't think it meets the case law standards. The reason that we address that issue is because defendant's motion cited to the statute, and in the statute one of the categories is failure to state an offense. And then the defendant's motion cited to Newbery, and that is about due process. So we're not disagreeing that a trial court has a right to either apply the statute, if that's what the trial court did, or in terms of the pleading requirements, or consider whether it meets the level of due process. Our argument is that it certainly did based on the case law that has interpreted the definition of lewd exhibition since we don't have a statute that defines it. Okay. And I think you're past your time. Oh, I'm sorry. You still want to save some time, so. I would love to, just a few minutes, if I need it. Thank you. All right. Go ahead. Good morning, Your Honor, and may it please the Court. I think the State is actually quite correct on that question of motion to dismiss, and I think as both parties agree here, it is proper for the trial court to consider this issue of lewdness at the motion to dismiss stage. As the State noted in its concluding remarks, as a question of either due process or under the statute, the question is only whether or not there is some evidence to support the charge. And the problem here in this case that the State does not recognize is that, as the trial court found, there is no evidence, one of the elements that must be met in order to. . . Counsel, is it your position that there is no evidence linking defendant to these photographs or that the photographs in and of themselves are insufficient to establish that lewd content? It's the second part, Your Honor. Okay. So there was a link between the defendant and the photographs? To the extent that that is an issue in the trial court, that's an issue for trial. I got that. Of course. That's why I'm asking. Okay. So if it's linked to defendant and there are photographs that show a young girl changing, isn't that a matter for a trier effect to determine on whether or not that meets the lewd standard? Not under situations like this, Your Honor. As the Supreme Court found in Lambourne and as I think is quite clear from Dost and the other Federal court cases that were relied on by the Court, this is an issue of law. This is not an issue for the jury to. . . Well, what I find lewd and what you find lewd might be two fundamentally different things, Counsel. Would you agree with me on that? I would agree with that in a battle, Your Honor. Okay. So that is why we subject them to a trial to determine that lewdness factor, is it not? That is not correct, Your Honor. Tell me why. In Lambourne, the Supreme Court was quite clear that this is an issue of law. It's not reviewed for sufficiency of the evidence after a jury trial. It's not a mixed question of law or fact. It's reviewed as a matter of law whether or not this particular image. . . . . . is the criterion for lewd. Wouldn't that be a question of fact rather than a question of law? And whether or not that may be true, Your Honor, that's not the standard the Supreme Court's employed in Lambourne. Let me ask you this in another way. If we reverse and determine that the image is lewd, then what's left for the jury to determine? Well, that's precisely our point, Your Honor. That's why this is an issue of law that must be decided. And to the extent that that element is met by some evidence, which is the standard here, we're not talking about whether or not it's all evidence or beyond a reasonable doubt. That's not really the question, and I think the State agrees with us on that point. The only question here is whether there's some evidence. And if the court were to decide that this meets the standard of some evidence, that's a different story and there must be a jury trial. Whether or not it fully meets anything else, that's a standard for sufficiency of the evidence after trial. So is the fact that somebody put a camera in a girl's locker room, that in and of itself doesn't establish the purpose of what they're doing that for? I believe, if I understand your question correctly, that's correct, Your Honor. And that's what Lambourne says is we must consider only four corners of the image itself. So we don't even look at the fact that the guy put a camera into a high school girl's locker room. We don't even look at that. For purposes of this analysis, that's irrelevant, Your Honor. And that's exactly what the Supreme Court says in Lambourne. Okay. So it's your position that the only thing we look at is the photograph? That is the law. We don't look at any other facts than any determination? Absolutely, Your Honor. That is precisely what the Supreme Court said in Lambourne. And the standard is the same in every case that we've cited and looked at, whether it's federal or state. But the trial court's examining the thumbnail and making a determination that it was not moot. Isn't that evaluating evidence? Not in that context, Your Honor. Okay, but it's a partially clothed 14-year-old girl, correct? Would you agree with that? For an adult male placed a camera in a girl's locker room and has pictures of a partially clothed 14-year-old girl. For purposes of this analysis, Your Honor, two of those facts are not at issue because they're outside of the Supreme Court. One would be on this. Just for a second. Sure. Okay. An adult male places a camera in a girl's locker room and takes pictures of a partially clothed 14-year-old girl. So I know you want me not to look at those facts in making a determination of whether the trial judge overstepped here, correct? We're not supposed to look at those facts. We just look at the partially clothed pictures of the girl, right? That is correct. A partially clothed 14-year-old girl in a locker room and somehow that's not lewd. That's what the trial judge found, that that is not lewd. Case dismissed. That portion that you're talking about. Okay, so we're just looking at the photographs now. That is correct, Your Honor. Okay, 14-year-old girl changing in a locker room with her buttocks exposed. That's not lewd. That is only one factor in the process. You told me I can't look at the other factors. So now let's just look at that one. You tell me how that's not lewd. Well, Your Honor, that's only one factor of the test. Okay, but you told me I could only look at the one. So now I'm only looking at the one. How is that not lewd? There's six factors in the test, Your Honor. I'm not sure I understand. Okay. You're not going to answer my question, so that's fine. Go ahead. Going back to, isn't it evaluating the evidence by determining that the, whatever it is, the image on the thumbnail is not lewd? I think to some extent, Your Honor, the question here is whether or not this evidence, which is all the State's evidence on this particular point, for the element of whether it meets lewd exhibition. And there's obviously other elements under the statute. But the question before the Court is, does the State's evidence, all the evidence on this fact, meet the standard of some evidence under the statute? And so to some extent, I would say it's evaluating it, but as an issue of law, not a fact. If there are no other questions from the panel, I will yield to the State. Thank you, Your Honors. Just very briefly, I just want to correct a point on Lamborn. Lamborn said you examine in that, in those DOS factors, what the intended effect of the photos were. So you are examining something that goes to the notion of putting that camera in the room. What the trial court has a right to do is evaluate the existence of the evidence, not the quality, not the sufficiency, not whether it proves all of the elements of the offense. This certainly qualified as the existence of some evidence that supported the allegations. That's all before this Court. Nothing else. This Court doesn't have to make any findings, doesn't have to evaluate the evidence. It simply says, does it meet any of these factors? And if it does, that's more than any evidence or no evidence. That is some evidence. Now we're going to send it back to a prior effect to determine whether the plaintiffs, or in this case the State, can meet the elements of the offense. Thank you. I have a question. Yeah. Can we discuss the facts surrounding the creation of the video? Yeah. I did discuss those because I wanted the Court to have some background. I made it clear in the brief it was background. I think in an appeal the Court, you know, it's just you can't drop the picture in the middle of nowhere and then start discussing. So I don't ask the Court to make findings in terms of elements that would be before a prior effect. Obviously, Lamborn has said look at the picture. But Sven has also said looking at this picture, we can see that the intended effect was sexual. It's not spontaneous nudity. It's not accidental. It's not incidental. It's not some parent taking a picture of a kid. This picture was designed to excite somebody, to be basically a trophy. And that's a reasonable inference for a fact finder. You don't have to make those findings. The trial court shouldn't make those findings at this stage. But the fact finder can make that reasonable inference. And that's all we're asking is that case go back so that a prior effect can do that. Thank you. Okay. Well, thank you for giving us a very interesting case. And the briefs were well done and the oral arguments were very well done. And we'll take the case under advisement. And soon we'll have an order for it. Thank you. Call the next case.